In re William **VITTORINI**, Debtor.

Maryann **VITTORINI**, Plaintiff,

v.

William **VITTORINI**, Defendant.

Bankruptcy No. 91 B 21247.
No. 91 Adv. 6216.

United States Bankruptcy Court,
S.D. New York.

Feb. 13, 1992.

Richard N. Lentino, Middletown, N.Y., for plaintiff.

Burt J. Blustein, Middletown, N.Y., for debtor.

## DECISION ON COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor's former wife has filed a complaint pursuant to 11 U.S.C. § 523(a)(5), seeking a determination as to the dischargeability of an obligation incurred under a divorce decree fashioned by a judge of the New York Supreme Court, County of Orange on February 22, 1988.

### FINDINGS OF FACT

1. The Chapter 7 debtor, William Vittorini, filed with this court his voluntary Chapter 7 petition on August 8, 1991.

2. The plaintiff, Maryann Vittorini, is the former wife of the debtor, having married him in 1963 and having divorced him in 1988. There are three adult children of the marriage who do not reside with their parents.

3. At the time of the divorce on February 22, 1988, the plaintiff was employed as a banquet manager for a hotel at the salary of $190.00 per week. She is presently employed full time, but no evidence was introduced as to her salary.

4. The Judgment of Divorce directed the debtor to pay the plaintiff the sum of $1000.00 per month for monthly maintenance for a period of five years and to maintain for the plaintiff for this five year period specific medical and dental insurance. Additionally, the Judgment of Divorce specified that the debtor was required to maintain life insurance for the plaintiff's benefit in the amount of $150,000.00 for five years "to guarantee his obligations to provide for distributive payments and maintenance to plaintiff...."

5. The real and personal properties of the former spouses were reduced to specific amounts on the advice of an appraiser and an accountant retained for this purpose. The Judgment of Divorce itemized the properties in question and the appraised values as follows:

 A. Hudson Valley Precast, Inc.—$325,000.00;

 B. The Marital Residence—$135,000.00 (exclusive of the mortgage of $18,000.00);

 C. Personal Property located in the marital residence—$5,000.00;

 D. IRA of Defendant—$4,500.00; and

 E. Ulster County Real Property—$24,500.00;

Judgment of Divorce, at 3.

6. The court then determined that Hudson Valley, Inc., the debtor's former business, his individual retirement account, and the Ulster County real property should be divided, with the plaintiff retaining 40% of the value and the debtor retaining 60%. Additionally, the Judgment of Divorce provided that the marital residence and the personal property located therein were to be divided on a 50–50 basis. Immediately following the reference to the marital property, the Judgment of Divorce specified the division as follows:

 To the plaintiff—the marital home and the contents thereof as well as a distributive award in the amount of $80,600.00 (130,000.00 plus .40 [$4,500.00 + $24,500.00] minus .50 [$135,000.00 − $18,000.00 + $5,000.00])

 To the defendant—Hudson Valley Precast, Ulster County property and the individual retirement account;

Judgment of Divorce, at 4.

7. After arriving at a distributive award with regard to the marital property, the Judgment of Divorce stated as follows:

 ORDERED, ADJUDGED AND DECREED that the aforementioned distributive award in the sum of $80,600.00 shall be payable, at the election of the defendant, in yearly installments of $16,120.00 plus interest at the rate of 9% for the next five years; or, in the alternative, defendant shall pay to plaintiff monthly installments of $1,343.33 plus 9% interest, the first to be paid within forty-five (45) days from the date of the entry of Judgment; and it is further ORDERED, ADJUDGED AND DECREED that plaintiff's application for defendant to purchase for her a mid-size vehicle is denied;

Judgment of Divorce, at 4–5.

8. The plaintiff contends that all of the payments required to be made to her under the Judgment of Divorce are non-dischargeable under 11 U.S.C. § 523(a)(5).

### DISCUSSION

Federal bankruptcy law, rather than state law, will determine the issue of dischargeability of obligations within the meaning of 11 U.S.C. § 523(a)(5). *See, e.g., Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *In re Gianakas,* 917 F.2d 759 (3d Cir.1990); *Long v. West (In re Long),* 794 F.2d 928, 930 (4th Cir.1986); *Shaver v. Shaver (In re Shaver),* 736 F.2d 1314 (9th Cir.1984); *Long v. Calhoun (In re Calhoun),* 715 F.2d 1103 (6th Cir.1983); *Williams v. Williams (In re Williams),* 703 F.2d 1055 (8th Cir.1983); *Pauley v. Spong (In re Spong),* 661 F.2d 6 (2d Cir.1981); *In re Hilsen,* 122 B.R. 10 (Bankr.S.D.N.Y.1990); *In re Brody,* 120 B.R. 696 (Bankr.E.D.N.Y.1990). The complaining spouse has the burden of establishing that an obligation is nondischargeable on the ground that it is actually in the nature of alimony, maintenance or support, because the concept of dischargeability un-

der 11 U.S.C. § 523 must begin with the assumption that dischargeability is favored under the Bankruptcy Code. *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986); *In re Calhoun*, 715 F.2d at 1111.

█ The courts have established various flexible factors to be considered in ascertaining whether an obligation is a property settlement or is in the nature of alimony, support, or maintenance. Some of the factors include: (1) whether the obligation imposed was designed to rehabilitate or assist the spouse's rehabilitation after the divorce; (2) whether the obligation is subject to contingencies such as remarriage or death; (3) whether the obligation is payable in installments or a lump sum; (4) the structure of the terms of the final decree; and (5) whether there was a division of property and debts. *See, e.g., In re Pattie*, 112 B.R. 437 (Bankr.M.D.Fla.1990).

█ In the instant case, the Judgment of Divorce specifically provided for maintenance and support for the plaintiff in the sum of $1,000.00 per month for a period of five years. Thereafter, the structure of the decree clearly related to a division of the marital property based upon specifically appraised values. There is nothing in the Judgment of Divorce or in the evidence before this court to establish that the property distribution to be made by the debtor was in any way based on a disparity in income between the parties. Moreover, the distributive award to the plaintiff was to be made either in annual installments or monthly installments, at the election of the debtor, for five years. Not only was this award specifically referred to as a distributive award based upon a property settlement, but the structure of the order supports this conclusion. The award was not modifiable in the event of changes in economic circumstances of the parties. It paralleled a division of the marital property to which the debtor was entitled, namely his corporation, his individual retirement account, and specific real estate in Ulster County.

Based upon the evidence in this case and the structure of the Judgment of Divorce, it is concluded that the debtor's obligations to pay the plaintiff the sum of $1,000.00 per month for five years and to maintain medical and dental insurance for her for the same period and his obligation to take out life insurance for the plaintiff's benefit in the sum of $150,000.00 for five years from the date of the judgment, are nondischargeable. These obligations are in the nature of alimony, maintenance, or support within the meaning 11 U.S.C. § 523(a)(5). However, the award of $80,600.00 to the plaintiff as a distributive award based upon a division of the marital property clearly reflects a dischargeable property settlement obligation. *See In re Pattie*, 112 B.R. at 439.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I).

2. The debtor's obligation to pay to the plaintiff the sum of $1,000.00 per month for a period of five years and related items with regard to medical, dental and life insurance are nondischargeable obligations in the nature of alimony, maintenance, or support as provided in 11 U.S.C. § 523(a)(5).

3. The debtor's obligation to pay to the plaintiff the sum of $80,600.00 as a distributive award, either annually or in monthly installments over a period of five years, is a property settlement which is dischargeable.

SETTLE ORDER in accordance with the foregoing.