In re Denis BRODY, Debtor.

Carol BRODY, Plaintiff–Appellee,

v.

Denis BRODY, Defendant–Appellant.

No. 1710, Docket 93–5007.

United States Court of Appeals,
Second Circuit.

Argued June 22, 1993.

Decided Aug. 11, 1993.

Scott A. Brody, Plainview, NY (Brody, Wolkofsky & Brody, Plainview, NY, of counsel), for defendant-appellant.

Edward H. Tillinghast, III, New York, NY (Dreyer and Traub, New York, NY, of counsel), for plaintiff-appellee.

Before NEWMAN, Chief Judge, VAN GRAAFEILAND, and ALTIMARI, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Denis Brody appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, J.) affirming a judgment of the United States Bankruptcy Court for the Eastern District of New York (Holland, Bankr.J.) in favor of Carol Brody, which ruled that a provision for payment in the Brodys' Separation Agreement was non-dischargeable as being in the nature of support. For the reasons that follow, we affirm.

Following thirteen years of marriage, Denis and Carol Brody separated in 1982. After a series of negotiations between the parties and their attorneys, they signed a formal Separation Agreement on January 24, 1986. Two portions of the Agreement have particular relevance in the instant case. Article XII, labeled "Distributive Award," provided that Denis would pay $1,000,000 "[i]n full satisfaction of all claims which the Wife has to equitable distribution of the marital estate or a distributive award in lieu thereof." This payment was due in installments over a four-year period, with the unpaid balance accruing interest at an annual rate of nine percent. Article X, labeled "Support and Maintenance for the Wife," provided principally that Carol would receive $3,325 a month for her support. The monthly payments were to contin-

ue for up to 36 months, and were to cease upon the death of either party, Carol's remarriage, her continuous cohabitation with an unrelated male for more than one year, or her relocation from the greater New York area.

After paying the initial $400,000 installment due under Article XII, Denis failed to make subsequent payments. Carol brought suit in New York State Supreme Court, in which, it is asserted, she argued that the Article XII payment provisions were a property settlement in lieu of her claims to equitable distribution. She obtained a monetary judgment in her favor on January 11, 1988. In the course of its ruling, the state court held that, as a matter of New York law, Article XII effected a non-modifiable property distribution between the parties. *Brody v. Brody*, No. 18129/87, slip op. at 4–5 (N.Y.Sup.Ct. Jan. 11, 1988).

On May 25, 1988, Denis filed a Chapter 11 bankruptcy petition, which was converted into a Chapter 7 proceeding after the bankruptcy court's initial ruling in the instant case. As a result, Carol has become a creditor of the bankruptcy estate for the balance of the Article XII payments.

On September 6, 1988, Carol brought the instant action seeking, among other things, a determination that the debt created by Article XII was non-dischargeable. At trial, Carol and the attorney who represented her in the negotiations for the Separation Agreement both testified that the $1,000,000 Article XII payment was designed to generate an annual income of roughly $100,000, to be used by Carol for her own support. She testified that she had rejected an initial alternative proposal for regular support payments, fearing that Denis would not faithfully keep up with such a continuing obligation. The Article X support payments, she said, were intended to supplement her income only until all installments of the $1,000,000 had been paid.

Denis and his lawyer testified, however, that the $1,000,000 was designed to represent half of the marital estate, and had not been intended as support for Carol *per se*. Article X's 36–month payment horizon, they said,

was adopted because it was believed that Carol would be able to support herself as an established attorney by that time.

The bankruptcy court ruled in Carol's favor, crediting her testimony and impliedly rejecting Denis's account of the parties' intent. 120 B.R. 696. The court found that the Article XII payment was intended by the parties to support Carol to the extent that it would generate an annual income of $100,000, and that the Article X support payments were intended only to supplement this income until the full $1,000,000 was paid. Therefore, the court ruled, as a payment "actually in the nature of alimony, maintenance, or support," the obligation created by Article XII was not dischargeable to the extent necessary to generate an annual income of $100,000. Denis appealed this decision to the district court, which affirmed, refusing to disturb the bankruptcy court's credibility determinations and holding that its factual findings were not clearly erroneous. 154 B.R. 408. We agree.

■ Under the Bankruptcy Code, a debt owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement," is not dischargeable. 11 U.S.C. § 523(a)(5). Property settlements, on the other hand, are dischargeable in bankruptcy. *See, e.g., In re Donahue,* 862 F.2d 259, 262 (10th Cir.1988); *In re Coil,* 680 F.2d 1170, 1171 (7th Cir.1982). The question of the parties' intent when they executed the Separation Agreement is one of fact. *See Forsdick v. Turgeon,* 812 F.2d 801, 802 (2d Cir.1987). Accordingly, the appellate roles of the district court and this court are limited. A district court may reverse a bankruptcy court's factual findings only if they are clearly erroneous. Fed.R.Bankr.P. 8013. Because our review of the district court's decision is plenary, *In re PCH Assocs.,* 949 F.2d 585, 597 (2d Cir.1991), we independently examine the bankruptcy court's determinations. However, like the district court, we review the bankruptcy court's findings under a deferential standard and will reverse only if our own review of the record convinces us that the bankruptcy

court clearly erred in making those findings. *Id.*

■ Under bankruptcy law, the intent of the parties at the time a separation agreement is executed determines whether a payment pursuant to the agreement is alimony, support or maintenance within the meaning of section 523(a)(5). *See generally In re Davidson,* 947 F.2d 1294, 1296–97 (5th Cir. 1991); *In re Gianakas,* 917 F.2d 759, 762 (3d Cir.1990). Courts have looked at a variety of factors in seeking to ascertain this mutual intent. *See, e.g., Vittorini v. Vittorini,* 136 B.R. 632, 635 (Bankr.S.D.N.Y.1992) (listing five factors); *In re Bell,* 47 B.R. 284, 287 (Bankr.E.D.N.Y.1985) (listing nine factors). However, such a list is not necessarily exclusive. All evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent is relevant. *See In re Benich,* 811 F.2d 943, 945–46 (5th Cir.1987); *In re Williams,* 703 F.2d 1055, 1057–58 (8th Cir. 1983); *Coil, supra,* 680 F.2d at 1172.

Denis argues that the bankruptcy court clearly erred because it failed to accord sufficient weight to the terms of the Separation Agreement, the characterization of the Article XII payments under New York law, and Carol's allegedly inconsistent argument before the New York State Supreme Court. We find merit in none of these contentions.

■ First, the bankruptcy court did not clearly err when it did not treat the express terms of the Separation Agreement as conclusive evidence of the parties' subjective intent. Although a written manifestation of agreement is persuasive evidence of intent, *see In re Yeates,* 807 F.2d 874, 878 (10th Cir.1986); *Tilley v. Jessee,* 789 F.2d 1074, 1077–78 (4th Cir.1986), the label that the parties attach to a payment is not dispositive; the court must look to the substance, and not merely the form, of the payments. *See Sylvester v. Sylvester,* 865 F.2d 1164, 1166 (10th Cir.1989) (per curiam); *Benich, supra,* 811 F.2d at 945 & n. 5; *Tilley, supra,* 789 F.2d at 1077, 1078; *Williams, supra,* 703 F.2d at 1057; *Stout v. Prussel,* 691 F.2d 859, 861 (9th Cir.1982) (per curiam). *See generally Pepper v. Litton,* 308 U.S. 295, 305–06, 60 S.Ct. 238, 244–45, 84 L.Ed. 281 (1939); *In re Spong,* 661 F.2d 6, 9 (2d Cir.1981). The

parol evidence rule does not apply in cases such as the instant one, and factual inquiry under section 523(a)(5) is not limited to the four corners of a separation agreement or divorce decree. *See Gianakas, supra,* 917 F.2d at 762–63; *Benich, supra,* 811 F.2d at 945 & n. 6; *Bell, supra,* 47 B.R. at 287. We reject Denis's argument to the contrary and note in passing that he misplaces reliance on a lower court opinion that was vacated on appeal. *See In re Clark,* 105 B.R. 753, 758 (Bankr.S.D.Ga.1989), *aff'd,* 113 B.R. 797 (S.D.Ga.1990), *vacated without op.,* 925 F.2d 1476 (11th Cir.1991).[1]

■ Second, the district court was not bound by Carol's state court judgment. Whether a payment is alimony, maintenance or support within the meaning of section 523(a)(5) is a question of federal bankruptcy law, not of state law. *See Forsdick, supra,* 812 F.2d at 802; H.R.Rep. No. 595, 95th Cong., 2d Sess. 364 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5963, 6320. Although the status of a payment under state law is relevant to this determination, it is not dispositive. *See Forsdick, supra,* 812 F.2d at 802–03; *Spong, supra,* 661 F.2d at 8–9; *see also In re Harrell,* 754 F.2d 902, 904–05 (11th Cir.1985); *Shaver v. Shaver,* 736 F.2d 1314, 1316 (9th Cir.1984); *Williams, supra,* 703 F.2d at 1057.

■ Third, any arguments to the contrary which may have been made by Carol in the New York state courts do not estop her from contending that the Article XII payments are in the nature of support within the meaning of section 523(a)(5). Although under some circumstances the doctrine of judicial estoppel may preclude a party from presenting an argument, *see Bates v. Long Island R.R. Co.,* 997 F.2d 1028, 1037–38 (2d Cir.1993), the doctrine applies only when the party has taken an inconsistent position in a prior proceeding. *Id.* at 1037–38. There has not been such an inconsistency in the instant case. As noted above, an obligation's status as alimony, maintenance or support exempted from discharge by section 523(a)(5) is a

question of federal bankruptcy law separate and distinct from state law, and any label given the obligation, whether by the parties or the state court, is not dispositive. *See Gianakas, supra,* 917 F.2d at 762–63; *Yeates, supra,* 807 F.2d at 878.

■ In sum, we are not persuaded by Denis's attack on the bankruptcy court's findings of fact. Although Denis's arguments are not frivolous, they cannot displace the bankruptcy court's well-considered findings. As the district court correctly held:

> [T]he decision ... rested principally on a determination of credibility—a determination uniquely committed to the domain of the trial judge. Had the bankruptcy judge believed the testimony of Denis Brody, Mr. Brody would have prevailed, particularly in light of the language of the Separation Agreement. The Judge, however, did not believe him; instead, after having had the opportunity to evaluate the testimony and observe the demeanor of the witnesses, he credited the account of Carol Brody and her attorney....

154 B.R. at 413. Where, as here, a finder of fact has made a choice between two permissible views of the evidence, its findings cannot be said to be clearly erroneous. *Amadeo v. Zant,* 486 U.S. 214, 226, 108 S.Ct. 1771, 1778, 100 L.Ed.2d 249 (1988); *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985); *ABKCO Music, Inc. v. Harrisongs Music, Ltd.,* 944 F.2d 971, 978 (2d Cir.1991). The judgment of the district court is affirmed.

---

1. The Eleventh Circuit's unpublished order, which was included in the instant record, specifically directed that the court on remand "make a more in-depth inquiry into the nature of the

support obligations." *Clark v. Clark,* No. 90–8466, slip op. at 2 [925 F.2d 1476 (Table)] (11th Cir. Feb. 7, 1991) (per curiam).