In re John P. JANOWSKI, Debtor.

Gretchen JANOWSKI, Plaintiff,

v.

John P. JANOWSKI, Defendant.

Bankruptcy No. 94–10518 B.
Adv. No. 94–1041 B.

United States Bankruptcy Court,
W.D. New York.

Dec. 15, 1994.

Ange & Gordon (Joan Casilio Adams, of counsel), Buffalo, NY, for plaintiff.

Gregory A. Pope & Associates (Gregory A. Pope, of counsel), Lockport, NY, for debtor/defendant.

CARL L. BUCKI, Bankruptcy Judge.

On these cross motions for summary judgment, the debtor and his ex-spouse ask this Court to determine the proper application of a Chapter 7 discharge to obligations arising under a judgment of divorce for payment of certain real property taxes. Specifically at issue is whether the concept of maintenance under 11 U.S.C. § 523(a)(5) extends to the debtor's duty to contribute to payment of real estate taxes for property that his spouse does not occupy.

On January 26, 1993, the Supreme Court for the State of New York issued its judgment dissolving the three year old marriage of John and Gretchen Janowski. This judgment incorporated the terms of a stipulation that the parties had placed on the record. At the time of the judgment, both Mr. and Mrs. Janowski were retired from the teaching profession and were each the beneficiary of one or more pensions. Acknowledging that they were self-supporting, both parties advised the state court that they were affirmatively waiving any right to maintenance.

During their brief marriage, Mr. and Mrs. Janowski were the owners of three parcels of real estate. Pursuant to the divorce decree, Gretchen Janowski was to become the sole owner of a condominium on Chestnut Ridge Road, while John Janowski was to own a condominium in Florida. The parties agreed to sell the third parcel at 16 Amsley Court, with Mrs. Janowski to retain the first $78,000 of net sale proceeds. Pending sale, the husband could reside on these premises. He agreed, however, to pay 60 percent of real estate taxes during any period of occupancy and 50 percent of the taxes arising for any other time prior to sale. Ultimately, the husband never contributed to the real property tax obligation. When the property was sold, the net proceeds were insufficient to afford to the husband any share against which the wife might recover for the unpaid tax contributions. As a consequence of this failure to pay any portion of the real property taxes, the state court granted to Mrs. Janowski a money judgment in the amount of $11,923.07. Mrs. Janowski caused this judgment to be filed with the Erie County Clerk on January 25, 1994. After John Janowski filed a petition for relief under Chapter 7 of the Bankruptcy Code on February 25, 1994, Gretchen Janowski commenced the present adversary proceeding to determine the dischargeability of the state judgment. In this adversary proceeding, both parties now move for summary judgment.

Section 523(a)(5) of the Bankruptcy Code provides that a Chapter 7 discharge does not discharge an individual from any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order." On the other hand, property settlements are dischargeable.

The distinction between property settlements and alimony, support and maintenance is difficult and imprecise. The standard is one of federal, not state, construction. The result, therefore, does not depend upon any nomenclature that a state tribunal may assign. As noted by the Court of Appeals in *In re Brody*, 3 F.3d 35, 39 (2nd Cir.1993), "[A]n obligation's status as alimony, maintenance or support exempted from discharge by section 523(a)(5) is a question of federal bankruptcy law separate and distinct from state law, and any label given the obligation, whether by the parties or the state court, is not dispositive." Rather, the intent of the parties will determine the character of the obligation. *Id.*, at 38. This court must consider "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent." *Id.* at 38.

In many matrimonial disputes, obligations categorized as property settlements possess an essence that is indistinguishable from that of alimony and maintenance. For good reason, settlements often incorporate trade-offs between retention of property and commitments to fund future needs. Decisions regarding the retention of income-producing assets will necessarily implicate both the need for support and the ability to provide that support. The possession of other assets,

such as a home, may reduce the need for ongoing financial payments. Indeed, the character of virtually every domestic liability is open to interpretation. Fortunately, in most instances, state courts will resolve the ultimate rights of the parties in the context of applications for support adjustments. Occasionally, however, the parties have no recourse other than to determine dischargeability. It is in this difficult context that the Court must now determine whether the present obligation is more akin to a property settlement or to maintenance.

 Having considered the unique facts of the present case, this Court finds that the tax contributions at issue are in the nature of a property settlement, and are therefore dischargeable. Although the characterization of payments in the judgment of divorce is not binding, at least some weight must attach to the representations in state court that neither spouse sought maintenance from the other. Both parties acknowledged that they were self supporting. The wife's claim relates not to her residence, but to property whose proceeds would be allocated to the wife as a property settlement. Her state judgment should therefore be viewed as a claim for reimbursement of an expense of property liquidation.

In considering the dischargeability of inter-spousal claims, courts should not isolate a particular obligation from the totality of the separation agreement or divorce decree. In the present case, the separation agreement really provided an award of maintenance to the debtor, and not to the non-debtor spouse. Having less income and fewer resources than his wife, John Janowski was allowed to occupy premises that were to be sold for the benefit of the non-debtor spouse. He was required, however, to share property expenses pending completion of the sale. The failure to reimburse those expenses can hardly convert an arrangement for the husband's benefit into a provision for maintenance of the non-debtor spouse.

Other courts have identified a number of factors demonstrating an intent to treat inter-spousal obligations as either a property settlement or as alimony, maintenance or support. *See In re Vittorini,* 136 B.R. 632, 635 (Bankr.S.D.N.Y.1992), and *In re Bell,* 47 B.R. 284, 287 (Bankr.E.D.N.Y.1985). Without commenting on the universality of their application, this Court finds that the debtor has demonstrated the dischargeability of his obligation under either standard.

For the reasons stated above, the claim of Gretchen Janowski is dischargeable. Accordingly, her motion for summary judgment is denied, and the debtor's cross motion for summary judgment is granted.

So Ordered.