**In re Stuart J. KERZNER, Debtor.**

**Rina Yakuel Kerzner, Appellant,**

**v.**

**Stuart J. Kerzner, Appellee.**

**No. 00 CIV 7882 JSR.**

United States District Court,
S.D. New York.

Feb. 26, 2001.

See also 653 N.Y.S.2d 219.

Tracy L. Klestadt, Tracy L. Klestadt & Associates, New York City, for appellant.

Gabriel Del Virginia, Law Offices of Gabriel Del Virginia, New York City, for appellee.

## MEMORANDUM ORDER

RAKOFF, District Judge.

The underlying issue on this appeal from the Bankruptcy Court's order granting summary judgment to Stuart Kerzner, the debtor, and denying summary judgment to Rina Kerzner, the debtor's former wife, is whether a $1.8 million obligation owed by Mr. Kerzner to his ex-wife pursuant to an order issued by the New York State Supreme Court in the parties' divorce proceeding is dischargeable in bankruptcy. For the following reasons, this Court affirms the Bankruptcy Court's decision that it is.

In 1996, following protracted divorce proceedings between the Kerzners, the Honorable David B. Saxe, Justice of the New York Supreme Court, New York County, entered a judgment that, in recognition of the couple's substantial assets and lavish lifestyle, awarded Mrs. Kerzner more than a million dollars in property and $9,000 a month in maintenance. Being apprised, however, of the possibility that Mr. Kerzner would file for bankruptcy, and recognizing that at least one part of the award, *viz.*, a $1.8 million "distributive" award, "could be deemed discharged in bankruptcy," *Kerzner v. Kerzner*, 170 Misc.2d 1006, 653 N.Y.S.2d 219, 219 (Sup. Ct.1996), Justice Saxe increased the non-dischargeable monthly maintenance payments by $12,000 per month (*i.e.*, to $21,000), such increase to continue either until the distributive award was paid in full or until the eight-year period to which maintenance payments are limited under New York law had run. *See id.*

As anticipated, Mr. Kerzner then filed for bankruptcy, and Mrs. Kerzner, in turn, filed various claims against the debtor's estate. While $3.7 million of her claims were found to be non-dischargeable, the Bankruptcy Court (Burton R. Lifland, B.J.), ruling on the parties' cross-motions for summary judgment, held that the $1.8 million distributive award was a dischargeable property settlement rather than a non-dischargeable spousal maintenance payment. *In re Kerzner*, 250 B.R. 487 (Bankr.S.D.N.Y.2000). This appeal followed.

From any standpoint, and by any standard of review including *de novo*, Judge Lifland's conclusion was plainly correct. Under the Bankruptcy Code, the question of whether the $1.8 million distributive award is in the nature of a dischargeable property distribution or a non-dischargeable maintenance payment is a function of both the intent and the effect of the award. *See In re Brody*, 3 F.3d 35, 38–39 (2d Cir.1993); *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir.1987); *In re Bieluch*, 219 B.R. 14, 20 (Bankr.D.Conn. 1998). Justice Saxe arrived at the $1.8 million distributive award as a way of equalizing the division of the marital assets: specifically, to compensate Mrs. Kerzner for the fact that one of the most valuable marital assets, *viz.*, stock in certain companies controlled by Mr. Kerzner, was being awarded to Mr. Kerzner alone rather than being divided. *In re Kerzner*, *supra*, at 490. Thus, the $1.8 million distributive award was, in its derivation and essence, a division of property.

This was in no way altered by the increase in the maintenance award. Justice Saxe simply recognized that the $1.8 million due from Mr. Kerzner would, in the normal course, generate interest in the approximate amount of $12,000 per month at the then-prevailing interest rate of 8 percent. *Id.* at 493. But given the likelihood that Mr. Kerzner would file for bankruptcy and the distributive award thereby be discharged, Mrs. Kerzner might lose the benefit of this interest. To compensate Mrs. Kerzner for this loss, Justice Saxe increased the monthly maintenance from $9,000 to $21,000. *In re Kerzner*, *supra*, at 492. Although by citing *In re Brody*, 3 F.3d 35 (2d Cir.1993), Justice Saxe implicitly recognized that an alternative was to designate the interest on the distribution award as maintenance, he concluded that, under all the facts and cir-

cumstances, a safer and more equitable approach was to increase the monthly maintenance from $9,000 to $21,000, thereby guaranteeing increased maintenance that, while it would only last eight years, would be due immediately and would continue for most of the period of the couple's children's minority. The result, as Justice Saxe found, was that Mrs. Kerzner would "be better protected" than if interest on the distributive award was designated for maintenance. *Kerzner v. Kerzner, supra,* at 219.

In sum, it is clear that no part of the distributive award was intended as maintenance in either intent or effect. Accordingly, the judgment of the Bankruptcy Court is hereby affirmed. Clerk to enter judgment.

SO ORDERED.