[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 99-14609
_____

D.C. No. 99-08526 CV-KLR

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 20 2001
THOMAS K. KAHN
CLERK

SUSAN CUMMINGS,

Plaintiff-Appellant,

versus

LAWRENCE B. CUMMINGS,

Defendant-Appellee,

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 20, 2001)**

Before WILSON, KRAVITCH and COX, Circuit Judges.

KRAVITCH, Circuit Judge:

The appeal of this bankruptcy case requires us to decide whether the debt

owed to Plaintiff-Appellee Susan Cummings by her ex-husband Defendant-

Appellant Lawrence Cummings is "in the nature of support" and therefore nondischargeable under 11 U.S.C. § 523(a)(5). For the reasons stated below, we remand the case for a determination regarding which portion–if any–of the equitable distribution at issue was intended as support.

I. Background and Procedural History

The parties divorced in 1996. As part of its Final Judgment of Dissolution of Marriage ("the Divorce Judgment"), the divorce court ordered Lawrence Cummings to pay $5,150.00 per month in child support and fifteen months of rehabilitative alimony to Susan Cummings. The divorce court denied Susan Cummings's request for permanent alimony. The court instead ordered Lawrence Cummings to pay her $6.3 million as an equitable distribution in the form of three lump sum payments of $2.1 million.

Shortly before the first payment came due, Lawrence Cummings filed for bankruptcy and sought discharge of the debt. Susan Cummings began an adversary proceeding, asking the bankruptcy court to declare the obligation nondischargeable under 11 U.S.C. § 523(a)(5) because the obligation is in "the nature of support." The bankruptcy court concluded that the debt was a property settlement, and therefore was not in the nature of support. The court went on to find the obligation dischargeable under 11 U.S.C. § 523(a)(15) because Lawrence

2

Cummings was unable to pay the debt, and the benefit to him of discharging it outweighed the corresponding burden to Susan Cummings. The district court affirmed.

## II. Discussion

We review the bankruptcy court's factual findings for clear error and its legal conclusions de novo. In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993).

A debtor may obtain a general discharge under Chapter 7 of the Bankruptcy Code from "all debts that arose before the date of the order for relief." 11 U.S.C. § 727(b). The Code, however, does not allow discharge of any debt

> to a spouse, former spouse, or child of the debtor, for alimony to,
> maintenance for, or support of such spouse or child, in connection
> with a separation agreement, divorce decree or other order of a court
> of record, . . . but not to the extent that–
>      . . . .
> (B) such a debt includes a liability designated as alimony,
> maintenance, or support, unless such liability is actually in the nature
> of alimony, maintenance, or support.

11 U.S.C. § 523(a)(5).

Pursuant to § 523(a)(5), "a given domestic obligation is not dischargeable if it is 'actually in the nature of' alimony, maintenance, or support." In re Harrell, 754 F.2d 902, 904 (11th Cir. 1985). Whether a given debt is in the nature of support is an issue of federal law. In re Strickland, 90 F.3d 444, 446 (11th Cir. 1996). Although federal law controls, state law does "provide guidance in

3

determining whether the obligation should be considered 'support' under § 523(a)(5)." Id. To make this determination a bankruptcy court should undertake "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support." In re Harrell, 754 F.2d at 906.

In conducting this inquiry, a court cannot rely solely on the label used by the parties. As other courts have recognized, "'it is likely that neither the parties nor the divorce court contemplated the effect of a subsequent bankruptcy when the obligation arose.'" In re Gianakas, 917 F.2d 759, 762 (3rd. Cir. 1990) (citation omitted). The court must therefore look beyond the label to examine whether the debt actually is in the nature of support or alimony. Id. A debt is in the nature of support or alimony if at the time of its creation the parties intended the obligation to function as support or alimony. See In re Brody, 3 F.3d 35, 38 (2nd. Cir. 1993); In re Sampson, 997 F.2d 717, 723-24 (10th Cir. 1993); In re Davidson, 947 F.2d 1294, 1296-97 (5th Cir. 1991); In re Gianakas, 917 F.2d at 762; Tilley v. Jessee, 789 F.2d 1074, 1077 (4th Cir. 1986); Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir. 1984); Williams v. Williams, 703 F.2d 1055, 1057-58 (8th Cir. 1983). Thus, "the party seeking to hold the debt nondischargeable has the burden of proving by

a preponderance of the evidence that the parties intended the obligation as support .

. . ." In re Sampson, 997 F.2d at 723.

The bankruptcy court concluded that the equitable distribution was not in the nature of support under § 523(a). The court listed several characteristics that the equitable distribution shared with a property settlement and which distinguished it from a support obligation: (1) the obligation is not subject to death or remarriage; (2) it is payable in three lump sums rather than installments; (3) it is non-modifiable; (4) it is not enforceable through contempt proceedings;[1] (5) the divorce court derived it by equally dividing the assets and liabilities of the couple; (6) the minor children were separately awarded support of $5,150 a month; and (7) the divorce court separately awarded rehabilitative alimony.

Although the factors considered by the bankruptcy court are relevant to our inquiry, the touchstone for dischargeability under § 523(a)(5) is the intent of the parties. See In re Sampson, 997 F.2d at 723. In determining whether a particular obligation is in the nature of support, "[a]ll evidence, direct or circumstantial,

---

[1]Contrary to the bankruptcy court's assertion, however, no state court has determined whether the equitable distribution is enforceable through contempt proceedings. After Lawrence Cummings failed to pay the first $2.3 million payment, Susan Cummings sought to have it enforced through contempt proceedings. After spending 43 days in jail, the Fourth District Court of Appeal for the State of Florida ordered Lawrence Cummings released pending a determination by the divorce court regarding what portion of the equitable distribution was "necessary for support." Cummings v. Cummings, 685 So.2d 101, 101 (Fla. Dist. Ct. App. 1997). The record does not indicate that any further state court proceedings have been held.

which tends to illuminate the parties subjective intent is relevant." In re Brody, 3 F.3d at 38. When the bankruptcy court determined that the equitable distribution was not in the nature of support, it failed to take into account the intent of the divorce court as reflected in the Divorce Judgment. Although the divorce court labeled the $6.3 million an "equitable distribution," the language used by the court suggests that it intended at least some portion of the equitable distribution to function as support.

The divorce court indicated several times that Susan Cummings would depend on a portion of the equitable distribution to support herself and the children. The court explained its denial of permanent alimony by stating that "[t]he Wife will be able to support herself and the children . . . upon receipt of the income-generating assets awarded her in the equitable distribution." Thus, the divorce court declined to award permanent alimony precisely because it believed that Susan Cummings would be able to support herself and the children with the proceeds of the equitable distribution. Similarly, the court indicated that Susan Cummings would support herself with the rehabilitative alimony until she "receive[d] and invest[ed] the funds awarded to her in equitable distribution." Finally, the court ordered Lawrence Cummings to pay half of Susan Cummings attorneys' fees and costs "so as not to deplete the equitable distribution awarded

her, as she will be depending upon those assets to furnish a large share of the support needed to maintain her reasonable monthly expenses."

These statements suggest that the court intended at least some portion of the equitable distribution to function as support. Because a property division often achieves the same goal as a support obligation, state courts do not rigidly distinguish between the two. See In re Gianakas, 917 F.2d at 763 ("[E]ven an obligation designated as [a] property settlement may be related to support because state courts often will adjust alimony awards depending on the nature and amount of marital assets available for distribution.") To the extent the court intended a portion of the obligation to function as support, that debt is nondischargeable under § 523(a)(5).

This case is factually similar to In re Wright, 184 B.R. 318 (Bankr. N.D. Ill. 1995). In that case, the divorce court awarded the ex-wife $5,500 a month in support. Id. at 319. This obligation terminated in the event or her death or remarriage. Id. The court also awarded her $135,000 to be paid within five years. Id. After considering the divorce court's statement that the ex-wife would need a portion of this amount to support herself and the children, the bankruptcy court concluded that $40,800 of the $135,000 was nondischargeable. Id. at 322. In the case at hand, the bankruptcy court should have examined the intent of the divorce

court before making a determination that no portion of the equitable distribution was in the nature of support.

The most recent decision of the Florida District Court of Appeal in this matter instructed the divorce court to determine what portion of the equitable distribution was for support. Cummings, 685 So. 2d at 101. State courts have concurrent jurisdiction with the bankruptcy courts to determine whether an obligation is in the nature of support for the purposes of § 523(a)(5). In re Siragusa, 27 F.3d 406, 408 (9th Cir. 1994); In re Thaggard, 180 B.R. 659, 662 (Bankr. M.D. Ala. 1995). We previously have noted that "[i]t is appropriate for bankruptcy courts to avoid incursions into family law matters out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters." Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Now that the case is being remanded to the bankruptcy court, Susan Cummings may seek relief from the automatic stay under 11 U.S.C. § 362(d) to have the issue determined by the divorce court. See Id. ("When requested, such relief should be liberally granted in situations involving alimony, maintenance, or support in order to avoid entangling the federal court in family law matters best left to state court."). Therefore, on remand the bankruptcy court may

choose to await clarification by the divorce court regarding what portion–if any–of the equitable distribution is in the nature of support.

Accordingly, we VACATE the judgment with directions that the case be REMANDED to the bankruptcy court for reconsideration in light of this opinion.[2] All pending motions are DENIED.

---

[2]In the Divorce Judgment, the divorce court ordered Lawrence Cummings to pay half of Susan Cummings attorneys' fees. For the first time in her reply brief, Susan Cummings argued that this debt is nondischargeable. This court may decline to consider issues raised for the first time in a reply brief. United States v. Martinez, 83 F.3d 371, 377 n.6 (11th Cir. 1996). Accordingly, we do not reach the issue of attorneys' fees, but we do note that neither the bankruptcy court nor the district court explicitly ruled on the issue.