In re William D. BENZ, a/k/a Doug Benz, Debtor.

William D. Benz, a/k/a Doug Benz, Plaintiff,

v.

Karla L. Benz, Defendant.

Bankruptcy No. 9:04–BK–12779–ALP.

Adversary No. 04–493.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Dec. 9, 2004.

Jeffrey W. Leasure, Doug Benz, Jeffrey W. Leasure, Fort Myers, FL, for Debtor.

T. Patrick Tinker, Tampa, FL, for trustee.

### ORDER ON MOTIONS FOR SUMMARY JUDGMENT

*(Doc. Nos. 10 & 12)*

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS an adversary proceeding in this Chapter 11 case commenced by William D. Benz (Debtor) naming Karla L. Benz Ms. Benz as defendant. The immediate matters under consideration are two Motions for Summary Judgment, one filed by the Debtor (Doc. No. 10) and the other filed by Ms. Benz (Doc. No. 12). Both parties contend that there are no genuine issues of material fact and that they are

each entitled to a judgment in their favor as a matter of law. The underlying facts which appear from the record are without dispute and can be summarized as follows:

Prior to the filing of this Chapter II case, the Debtor's former spouse, Karla Benz (Ms. Benz), commenced dissolution of marriage proceeding against the Debtor in the Circuit Court for Oakland County, Florida (State Court).

It is the contention of the Debtor that certain obligations imposed by the State Court on May 17, 1999, were in the nature of a property settlement, thus within the protection of a general bankruptcy discharge, and based on the same, the Debtor claims he is entitled to Summary Judgment in his favor.

In her Motion for Summary Judgment, Ms. Benz, relies on the parties Divorce Settlement Agreement (Settlement Agreement) and the Consent Judgment of Divorce (Final Judgment), coupled with her Affidavit (Defendant's Exhibit B), all of which are attached to Defendant's Motion for Summary Judgment.

At the duly scheduled hearing held before this Court on November 17, 2004, this Court heard oral arguments on both Motion's and having considered the undisputed facts as they appear from the record, now finds and concludes as follows:

After having been married for 20 years, Ms. Benz filed a Complaint for dissolution of marriage. On May 11, 1999, the parties entered into a Settlement Agreement which explicitly provided that:

3. Karla [Defendant] shall not be obligated to pay, and Doug [Debtor] shall not be entitled to receive, spousal support, and his claims with respect to spousal support are forever barred.

4. Doug [Debtor] shall not be obligated to pay, and Karla [Defendant] shall not be entitled to receive, spousal support,

and her claims with respect to spousal support are forever barred.

On May 17, 1999, the State Court entered the Final Judgment which, among other things, dissolved the marriage of the Debtor and Ms. Benz, provided for child support, custody and visitation schedules, and equitably distributed the parties' real and personal property in accordance with the Settlement Agreement. With respect to spousal support, the Final Judgment states,

2. Plaintiff [Ms. Benz] shall not be obligated to pay, and Defendant [Debtor] shall not be entitled to receive, spousal support, and his claims with respect to support are forever barred.

3. Defendant [Debtor] shall not be obligated to pay, and Plaintiff [Ms. Benz] shall not be entitled to receive, spousal support, and her claims with respect to spousal support are forever barred.

On July 23, 2004, the Debtor filed his petition for relief under Chapter 11 of the Bankruptcy Code. On August 19, 2004, the Debtor commenced this above-captioned adversary proceeding by filling a Complaint against the Defendant pursuant to 11 U.S.C. § 523(a)(5).

Section 523(a)(5) provides in relevant part,

(a) A discharge under section 727, . . . of this title does not discharge an individual debtor from any debt—

(5) to a . . . former spouse . . . for alimony to, maintenance for, or support of such spouse . . ., in connection with a . . . divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—. . .

(B) such debt includes a liability designated as alimony, maintenance, or sup-

port, unless such liability is actually in the nature of alimony, maintenance, or support;

■ It is the contention of the Debtor that under the controlling law of this Circuit, as announced by the Eleventh Circuit Court of Appeals in the case of *Cummings v. Cummings*, 244 F.3d 1263 (11th Cir. 2001), that, "although the factors historically considered by bankruptcy court are relevant to our inquiry, the touchstone for dischargeability under Section 523(a)(5) is the intent of the parties." citing *In re Sampson*, 997 F.2d 717, 723 (10th Cir. 1993). Here, the Court in *Cummings* further noted that, "In determining whether a particular obligation is in the nature of the support, '[a]ll evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent is relevant.'" citing *In re Brody*, 3 F.3d 35, 38 (2d Cir.1993).

As noted earlier, in opposition to the Debtor's Motion and in support of her Motion for Summary Judgment, Ms. Benz, relies on her Affidavit (Defendant's Exhibit B) as well as the Final Judgment and the Settlement Agreement. In this connection Ms. Benz relies on the following provisions of the Settlement Agreement:

9. Section 71 payments. Doug [Debtor] shall pay Karla [Defendant], directly, as IRC § 71 installment payments, the sum of $8400 per month, with Karla to receive $4,200 on the 15th of each month and $4,200 on the last day of each month, commencing April 15, 1999, for 120 consecutive months.

(a) Doug's obligation to make payments shall terminate upon the death of Karla, but shall not terminate upon the remarriage of Karla.

(b) The § 71 payments made to Karla shall be included in her gross income under IRC Section 71 and deductible by Doug under IRC Section 215. Neither party shall file tax returns which conflict with this requirement.

. . .

(e) The parties specifically stipulate and agree that Doug's obligation to pay § 71 installments is in the nature of support and maintenance for Karla and therefore is not dischargeable in bankruptcy.

Ms. Benz contends that these provisions which are incorporated into the Final Judgment of the divorce establish the true intent of the parties, which is that these obligations are in the nature of alimony and support and are nondischargeable.

■ It should be noted at the outset, that "a given domestic obligation is not dischargeable, if it is 'actually in the nature of' alimony, maintenance, or support," *In re Harrell*, 754 F.2d 902, 904 (11th Cir.1985), thus, within the exception of 11 U.S.C. § 523(a)(5), as determined by federal law. *See In re Strickland*, 90 F.3d 444, 446 (11th Cir.1996). In making this determination, the bankruptcy court is required to undertake "a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the nature of support." *In re Harrell*, 754 F.2d at 906. It is equally well established that, "a court cannot rely solely on the label used by the parties," *In re Cummings*, 244 F.3d at 1263, therefore, a court must look beyond the label to examine whether or not at the time of the creation of the obligation, the parties intended that the obligations must function as support of the parties. *In re Brody*, 3 F.3d at 38; *In re Sampson*, 997 F.2d at 723–24, *In re Davidson*, 947 F.2d 1294, 1296–97 (5th Cir.1991); *In re Gianakas*, 917 F.2d 759, 762 (3d Cir.1990); *Tilley v. Jessee*, 789 F.2d 1074, 1077 (4th Cir.1986); *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984); *Williams v. Williams*, 703 F.2d 1055, 1057–58 (8th Cir.1983).

■ The Eleventh Circuit Court in *Cummings* considered the factors which do distinguish an obligation from support under Section 523(a) of the Code.

(1) The obligation is not subject to death or remarriage; (2) it is payable in three lump sums rather than installments; (3) it is non-modifiable; (4) it is not enforceable through contempt proceedings; (5) the divorce court derived it by equally dividing the assets and liabilities of the couple; (6) the minor children were separately awarded support...; (7) the divorce court separately awarded rehabilitative alimony.

*Id.* at 1265–66.

■ Considering the foregoing legal principles and the relevant portions of the Final Judgment and the Settlement Agreement, it is clear that neither spouse was intended to receive alimony or support, and have waived their rights to the same and, therefore, are forever barred to assert any alimony or support claim.

■ Considering the last proposition urged by Ms. Benz, that the monthly obligation of the Debtor shall be nondischargeable, it is no longer debatable that any agreed stipulation created by the parties in a divorce proceeding, such as that an obligation imposed on a spouse shall be non-dischargeable, is binding on the bankruptcy court. It is further noted by this Court, that Ms. Benz' reliance on the treatment of the obligation under the IRS Code does not conclusively establish the true intent of the parties for the following reasons. First, the Final Judgment also provides that the obligation shall not terminate on the remarriage of Ms. Benz, which totally negates any notion that the obligation was intended to be alimony, especially since this Court is unaware of any court that provides alimony to a spouse who remarries. Secondly, the Settlement Agreement provides an identical paragraph, which further states,

(c) It is the intention of the parties that these installment payments be non-modifiable for any reason, regardless of any changes in circumstances, except, as provided above, Doug's obligation to make these payments shall terminate in the event of Karla's death.

Thus, the provision as quoted above is equally inconsistent with an obligation to provide maintenance and support.

Having considered all the evidence, direct and circumstantial, together with all the applicable provisions of the Final Judgment and Settlement Agreement, notwithstanding the provision of the applicability of Section 71 of the Internal Revenue Code, this Court is satisfied that the monetary obligation imposed on the Debtor was not intended to be in the nature of alimony or support. The fact that the monetary obligations imposed on the Debtor were to be treated as income to Ms. Benz and tax deductible to the Debtor, is of no consequence in the present instance.

Based upon the foregoing, and this Court finds that the payment obligation imposed on the Debtor by the Final Judgment, is not within the exceptions to discharge as set forth under Section 523(a)(5) of the Bankruptcy Code. Therefore, this Court is satisfied that there are no genuine issues of material fact, the Debtor's Motion for Summary Judgment should be granted, and the Defendant's Motion for Summary Judgment should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Debtor's Motion for Summary Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Defendants' Motion for

Summary Judgment be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that a separate final judgment shall be entered in accordance with the foregoing.