**In re John Raymond HERBERT Sr., Debtor.**

**Carolyn Jones, Plaintiff–Appellee,**

v.

**John Raymond Herbert Sr., Defendant–Appellant.**

No. 04–cv–2177 (ADS).

United States District Court, E.D. New York.

March 8, 2005.

Ronald David Weiss, Esq., Melville, NY, for defendant-appellant.

Carolyn Jones, Amityville, NY, Pro Se plaintiff-appellee.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Defendant-appellant John Raymond Herbert, Sr. ("Herbert") appeals from an order following a trial in the Bankruptcy Court before the Honorable Dorothy Eisenberg, United States Bankruptcy Judge. Judge Eisenberg held that a debt owed to *Pro Se* Appellee Carolyn Jones ("Jones"), fell within the discharge exception for alimony, maintenance, or support and therefore was nondischargeable under 11 U.S.C. § 523(a)(5) (2004) of the Bankruptcy Code.

## BACKGROUND

The debt at issue in this case was incurred pursuant to a stipulation of settlement of divorce dated March 3, 1988 ("Stipulation") between Herbert and Jones, who were married for more than thirteen years. Under the terms of the Stipulation, among other matters, Herbert was to keep the marital home ("Premises") and pay Jones the sum of $105,000 in three installments. The sum of $25,000 was to be paid within ninety days of the date of the stipulation, the sum of $50,000 was to be paid within six months of the date of the stipulation, and the remaining $30,000 was to be paid within three years of the date of the stipulation.

The Stipulation imposed certain conditions to ensure payment of the full amount. Upon receipt of the $25,000, Jones was to vacate the Premises and execute a Bargain and Sale Deed conveying her interest in the premises to Herbert. In the event that Herbert did not pay the sum of $75,000 owed to Jones within six months of the stipulation, Jones was granted the option to purchase the Premises for $15,000. In order to ensure payment of the $30,000, Jones had the option to place a mortgage on the Premises to be paid within three years or upon the sale of the Premises. The Premises was valued at $160,000 and was encumbered by a mortgage in the amount of $36,000.

Further, the Stipulation stated that Jones made no claims for maintenance or alimony from Herbert, and that he waived any claim or right to alimony or maintenance. Herbert and Jones agreed to share joint custody of their two children, with their son residing with the father and the daughter residing with the mother. Herbert was to pay Jones $112 per month for child support. At the time of trial, Jones was a licensed nurse earning $25,000 a year. Herbert was a retired corrections officer and a licensed nurse, and was receiving disability and social security payments in the aggregate amount of $2,000 a month.

Herbert made the first two payments and Jones transferred complete ownership of the Premises to him. On September 7, 1988 Jones exercised her option to secure her final payment by requesting that Herbert execute a note and mortgage on the Premises in the sum of $30,000. On September 27, 1988, Herbert transferred ownership of the Premises to Gloria Moore, a friend of his. On October 8, 1988, Herbert mailed Jones the note and mortgage. Jones did not record the mortgage until February 14, 1989. As such, Jones recorded the mortgage after Moore had taken ownership of the Premises.

Jones never received the $30,000 from Herbert. On November 3, 1994, Jones secured a money judgment against Herbert for this amount plus interest and costs. On November 18, 2002, Herbert filed a petition for relief under Chapter 7 of the Bankruptcy Code. On February 14, 2003, Jones commenced an adversary proceeding against Herbert seeking to prevent the $30,000 debt owed to her from being discharged in the bankruptcy. On September 15, 2003 a trial of the issue was held.

On January 29, 2004, in a thorough and well-written decision, Judge Eisenberg ruled in favor of Jones, finding that the sum of $105,000 was not a property settlement subject to discharge, but rather it was intended by the parties to be used to provide shelter for Jones and their daughter. Accordingly the $30,000 was in the nature of support and maintenance and nondischargeable in the bankruptcy proceeding.

Herbert brought the present appeal claiming that the Bankruptcy Court: (1) erred in looking beyond the Stipulation

between the parties; (2) applied the wrong test in determining the intent of the parties; and (3) incorrectly determined that the $30,000 was in the nature of maintenance or support rather than a property settlement.

## DISCUSSION

### I. Standard of Review

■ A district court hearing an appeal from a Bankruptcy Court reviews that Court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr.P. 8013, while its conclusions of law are reviewed under the de novo standard. *See In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir.1999) (holding that "we review the bankruptcy court decision independently, accepting its factual findings unless clearly erroneous but reviewing its conclusions of law de novo.") (citation omitted); *In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir.1998) (same) (citations omitted); *see also In re Porges*, 44 F.3d 159, 162 (2d Cir.1995) (same) (citations omitted).

### II. Conclusions of Law

■ The applicable law governing this dispute is well-settled. Debts owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement," are not dischargeable. 11 U.S.C. § 523(a)(5). On the other hand, "property settlements" are dischargeable in bankruptcy. *Id.* In order for a debt to be non-dischargeable under § 523(a)(5), three statutory requirements must be met: (1) the debt must be to a spouse, former spouse, or child of the debtor; (2) the debt must be "actually in the nature of" alimony, maintenance, or support; and (3) the debt must have been incurred "in connection with a separation agreement, divorce decree, or other order

of a court record." 11 U.S.C. § 523(a)(5); *In re Maddigan*, 312 F.3d 589, 593 (2d Cir.2002); *In re Brody*, 3 F.3d 35, 38 (2d Cir.1993). The Appellant disagrees only with the law that the Bankruptcy Judge applied as to the second element.

■ "Under bankruptcy law, the intent of the parties at the time a separation agreement is executed determines whether a payment pursuant to the agreement is alimony, support or maintenance within the meaning of section 523(a)(5)." *In re Brody*, 3 F.3d at 38. The question of whether a debt is in the nature of support is a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous. *In re Maddigan*, 312 F.3d at 595; *see also In re Brody*, 3 F.3d at 38; *Forsdick v. Turgeon*, 812 F.2d 801, 802 (2d Cir.1987).

■ Herbert advances two arguments regarding the Bankruptcy Court's application of the law with regard to this element. First, Herbert argues that the Bankruptcy Court erred because it inquired beyond the four corners of the Stipulation. He contends that the Stipulation was clear on its face that neither party had any claim to maintenance or alimony. Herbert submits that this statement alone forecloses any inquiry beyond the four corners of the agreement. The Court finds this argument without merit. The Second Circuit has explicitly stated that "[a]lthough a written manifestation of agreement is persuasive evidence of intent, ... the label that the parties attach to a payment is not dispositive; the court must look to the substance, and not merely the form, of the payments." *In re Brody*, 3 F.3d at 38.

■ Second, Herbert contends that in analyzing the intent of the parties, the Bankruptcy Court erred in not "systematically using" the "multi-factor test" set forth in *In re Berg*, 167 B.R. 9, 13 (Bankr.

E.D.N.Y.1994). The Court disagrees. While the multi-factor test is useful, it remains only a "non-exhaustive list of such factors" to consider in ascertaining parties intent. *Id.* In fact, "[c]ourts have looked at a variety of factors in seeking to ascertain this mutual intent." *In re Brody,* 3 F.3d at 38; *see, e.g., Vittorini v. Vittorini,* 136 B.R. 632, 635 (Bankr.S.D.N.Y.1992) (listing five factors); *In re Bell,* 47 B.R. 284, 287 (Bankr.E.D.N.Y.1985) (listing nine factors). Moreover, the Second Circuit has held that "such a list is not necessarily exclusive ..." and that "[a]ll evidence, direct or circumstantial, which tends to illuminate the parties' subjective intent is relevant." *In re Brody,* 3 F.3d at 38.

### III. Findings of Fact

■ The ultimate question of whether a debt is in the nature of maintenance or support is a factual determination of the bankruptcy court, and as such is subject to reversal only if clearly erroneous. The Bankruptcy Court held that the sum awarded to Jones was clearly intended to be used to provide shelter for Howard's daughter and his ex-spouse. In making this determination, the Bankruptcy Court relied on a multitude of factors and ultimately concluded that the lump sum was better characterized as maintenance or child support rather than a "property settlement." In doing so, the Bankruptcy Court aptly reasoned that the "shelter, warmth and a secure environment" Jones needed to obtain with the proceeds was "in the nature of support or maintenance."

The Court agrees in the reasoning of the Bankruptcy Court. Despite Herbert's argument to the contrary, it is axiomatic that Jones and her daughter were entitled to "shelter, warmth and a secure environment" after the marriage ended. Indeed, no other marital assets existed other than the award to provide Jones with the capital necessary for shelter for her and her daughter. The Court is unpersuaded by the other arguments in the Appellant's brief and finds no reason to displace the well-considered findings of the Bankruptcy Court.

### CONCLUSION

Based on the foregoing, Herbert's appeal of Judge Eisenberg's January 29, 2004 decision that his debt to Jones is not dischargeable is DENIED. The decisions of Judge Eisenberg are AFFIRMED in all respects. The Clerk of the Court is directed to close this case.

**SO ORDERED.**