In re Bruce J. NOWAC, Debtor.

Noreen M. (Nowac) MURPHY, Plaintiff,

v.

Bruce J. NOWAC, Defendant.

Bankruptcy No. 84–289.
Adv. No. 84–94.

United States Bankruptcy Court,
D. New Hampshire.

Oct. 1, 1987.

Bruce Jasper, Newport, N.H., for debtor.

Diane Puckhaber, Concord, N.H., for plaintiff.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding was tried on June 2, 1987 upon the plaintiff's complaint requesting a determination that certain obligations imposed by divorce decree upon the debtor-defendant prior to bankruptcy are non-dischargeable as in effect or substance being in the nature of alimony pursuant to § 523(a)(5) of the Bankruptcy Code.

The Master's Report in the bankruptcy proceeding was unusually detailed and determined various aspects of property division and alimony rights of the plaintiff ex-spouse. With regard to alimony the Master determined that the defendant should pay the plaintiff alimony in a total sum of $36,000 in equal monthly installments of $1,000.00 each. On this point, the Master specifically found as follows:

> The plaintiff, over the years, has subordinated her career advancement to that of her husband's. She is presently employed at The Old Stone Bank. Her ability to advance is limited by her training, experience and education. Opportunities are available to her in management if she enrolls in college level business courses. Similar advancement would be available if she received training in the computer-related fields. The plaintiff is genuinely desirous of improving her earning capacity and station in the community. It is also noteworthy that her standard of living has greatly diminished upon her move to Rhode Island. The choice of life style, education, and career advancement should be left to the plaintiff. Three (3) years is a reasonable time for her to make this adjustment. Therefore, it is the intent of the order to provide alimony for a period of three (3) years and no more. The Master is aware that the Court has discretion to extend or amend such an order for good cause and a change of circumstances. The Master, in

determining the amount and term of said award, considered the tax implications of alimony as opposed to a property settlement, specifically as to the dental practice. This order is not intended to take away or limit the discretion of any future hearings. However, the fact that the plaintiff might remarry, go to school full time, seek other employment was considered. Also considered was the fact the defendant might earn substantially more money or sell his practice. It is the intent of this order that the alimony remain at a constant level for three (3) years and no more, and that the aforestated events or other similar events would not affect same.

The real bone of contention in the present adversary proceeding relates to the further provisions in the Master's Report providing that the debtor was to be paid $12,000 "for her equity in the real estate" comprising the former family home, together with the following provision dealing with the dental practice maintained by the debtor-defendant:

> The defendant shall pay to the plaintiff for her interest in the dental practice the sum of Thirty Thousand Dollars ($30,000). Said sum shall be paid five (5) years from the date of final judgment, with interest at the rate of ten percent (10%) per annum on the unpaid balance. Interest to be paid semi-annually. Principal in the amount of Six Thousand Dollars ($6,000) to be paid annually with each annual interest payment. If the defendant pays all of said principal and earned interest to the plaintiff within two (2) years and not thereafter, he shall be entitled to reduce said sum by Five Thousand Dollars ($5,000). Time is of the essence.

As luck would have it, both the debtor and the plaintiff lost their rights in the residential property and the dental practice by foreclosure within a short time following the final divorce decree. Regrettably, as is too often common in these cases, the possibility of a future bankruptcy was not taken into account in the divorce settlement negotiations or the final decree of divorce.

■ This court does have some discretion in recharacterizing the nature of awards made in divorce proceedings, for nondischargeability purposes under § 523 of the Bankruptcy Code, notwithstanding the labeling of a provision as a property settlement when in substance it fairly can be characterized as in the nature of, or clearly in lieu of, alimony or support. *In re Ploski*, 44 B.R. 911 (Bankr.D.N.H.1984); *In re Winders*, 60 B.R. 746 (Bankr.N.D. Iowa 1986).

■ I have reviewed the record in the present case, including the Master's Report in the divorce proceeding, and conclude that there is no basis for such recharacterization here. The determination in the divorce court, adopting the Master's Report, clearly was intended to deal separately with property considerations and alimony considerations. The provisions with regard to alimony are quite specific and were intended to be for a limited period. Moreover, there is no evidence before this court that the parties either agreed to consider the property divisions as being in lieu of alimony or that the divorce court made its determination on that basis.

The present case presents a sad history of failed expectations on the part of both the plaintiff and the defendant. It is understandably hard for the plaintiff to see what she expected to obtain in the divorce proceedings fade away by virtue of the foreclosures and the subsequent bankruptcy of her ex-husband. The result is especially unfortunate with regard to the plaintiff inasmuch as the divorce court's determination clearly finds that she made a substantial contribution to the development of the defendant's dental practice. However, those sad results do not in my opinion justify recharacterizing what were clearly property settlements in a divorce proceeding as alimony merely to preserve the nondischargeability of those obligations.

As I have indicated before in this context, the fact that a debtor gets a "fresh start" by filing bankruptcy and obtaining a discharge of his debts does not preclude the ex-spouse from seeking some redress for the severe detriment to her expecta-

tions suffered in that regard. The very fact of a subsequent bankruptcy and discharge of property settlement obligations may well be such "changed circumstances" which can justify the state divorce court in reopening the question of alimony and providing for a modified level of alimony due to that subsequent development. See, *In re Winders,* supra, at p. 748.

Accordingly, final judgment shall be entered separately denying the determination of non-dischargeability in the plaintiff's Complaint and Amended Complaint.