**In re Walter L. BOURASSA, Debtor.**

**Shirley A. BOURASSA, Plaintiff,**

v.

**Walter L. BOURASSA, Defendant.**

**Bankruptcy No. 93–10223–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

April 22, 1994.

Michael J. Iacopino, Manchester, NH, for plaintiff.

Arthur L. Trombly, Keene, NH, for defendant.

Victor Dahar, Manchester, NH, Trustee.

Geraldine Karonis, Manchester, NH, U.S. Trustee.

## MEMORANDUM OPINION

MARK W. VAUGHN, Bankruptcy Judge.

This adversary proceeding came on for trial on plaintiff Shirley A. Bourassa's complaint to exempt from discharge pursuant to 11 U.S.C. § 523(a)(5) certain obligations of her former husband, the debtor/defendant, Walter L. Bourassa. At the commencement

of the trial, the Court granted the plaintiff's motion to withdraw that portion of the Complaint objecting to the debtor's discharge pursuant to 11 U.S.C. § 727(a)(2) and (4). Accordingly, the trial proceeded under section 523(a)(5) alone.

For the reasons set out below, the Court finds that the defendant's obligation to make monthly payments of $1,000.00 is in the nature of support for the plaintiff and is exempt from discharge pursuant to section 523(a)(5). The Court further finds that the lump sum payment of $50,000.00 due upon the sale of W.L. Bourassa Disposal, Inc., or the majority of its assets and/or the Base Hill Road property, or upon the death of Walter L. Bourassa, is in the nature of a property settlement dischargeable subject to the rights of the plaintiff as a mortgagee on the property.

### FACTS

The facts are basically undisputed. The Bourassas were married on May 31, 1958, and lived together for approximately thirty years until they separated in 1988. There were no children born of the marriage. Plaintiff attended high school for three years, obtained a GED diploma and held a variety of jobs during the course of the marriage, including working for Concord Portex for the last sixteen years. The support affidavit of Mrs. Bourassa dated December 15, 1988, showed net weekly income of $252.33 (approximately $1,009.32 per month) and monthly expenses of $1,564.50. Mr. Bourassa's affidavit dated December 12, 1988, showed net income of $337.20 per week (approximately $1,348.80 per month) and monthly expenses of $2,799.00. However, the testimony of both the plaintiff and the defendant indicated that the business paid many of the expenses, that Mr. Bourassa was the primary bread winner, and that they lived comfortably during the course of their marriage.

The divorce was filed by Mrs. Bourassa in July 1988. On December 16, 1988, the Cheshire County Superior Court approved temporary orders, which provided in paragraph 10 that "[b]eginning 1/1/89, defendant shall pay plaintiff $750.00 month as alimony." On May 24, 1991, the Cheshire County Superior Court approved the Final Decree which included, in part, the following language:

12. Neither party, now or in the future, shall pay alimony to the other party.

. . . .

14. As a further property settlement, Walter L. Bourassa shall give a Promissory Note to Shirley A. Bourassa (See Exhibit 4) in the amount of One Hundred Seventy Thousand Dollars ($170,000.00), without interest, payable as follows:

a) One Thousand Dollars per month for a period of 120 months.

b) Fifty Thousand Dollars upon the sale of W.L. Bourassa Disposal, Inc. or the majority of its assets and/or the Base Hill Road property, or upon the death of Walter L. Bourassa.

Any balances due under said Promissory Note shall be a charge against the Defendant's estate. Any balances due under said Promissory Note shall be forgiven by the Plaintiff and said Note shall be considered paid in full upon the Plaintiff's death. Shirley A. Bourassa shall be given immediate notice upon execution of a Contract for Sale of W.L. Bourassa Disposal, Inc. or a majority of its assets or of the Base Hill Road property.

The Permanent Stipulations agreed to by the parties, which were incorporated in the Final Decree, also provided for the division of numerous other assets, all of which stipulations are clearly in the nature of a property settlement and not the subject of this adversary proceeding.

It is clear from the facts that the Permanent Stipulations provided that there would be no alimony and that the obligations which are the subject of this adversary proceeding were described as a property settlement at the request of the plaintiff. During the first year of the parties' separation, a joint tax return was filed. During the second year of the separation, the parties filed separate returns and the plaintiff became aware that the alimony payments pursuant to the temporary order were taxable to her. For that reason, it was at her request that the final order label the $1,000.00 per month payments and the lump sum payment as a property settlement.

Mr. Bourassa made eleven $1,000.00 payments pursuant to the Final Decree and then ceased making payments. On May 27, 1992, W.L. Bourassa Disposal, Inc. filed a petition under chapter 11 of the Bankruptcy Code. The case was subsequently converted to chapter 7. On February 11, 1993, the defendant filed a petition under chapter 7 of the Bankruptcy Code.

## DISCUSSION

 "This Court does have some discretion in recharacterizing the nature of awards made in divorce proceedings, for nondischargeability purposes under section 523 of the Bankruptcy Code, notwithstanding the labeling of a provision as a property settlement when in substance it fairly can be characterized as in the nature of, or clearly in lieu of, alimony or support." *Murphy v. Nowac (In re Nowac)*, 78 B.R. 638, 639 (Bankr. D.N.H.1987). Whether a particular debt is an obligation for support or a property settlement is a question of federal bankruptcy law. *In re Brody*, 3 F.3d 35, 39 (2d Cir. 1993). Thus, a state law characterization of a debt is not binding upon a bankruptcy court. *Id.* Nor is a bankruptcy court bound by the label given to the debt by the parties. *Id.* at 38.

 To determine whether a debt constitutes nondischargeable alimony or support, the Court must find whether the obligation in question is "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5). When determining whether an obligation is actually in the nature of alimony, maintenance or support, the Court will look no further than "the intent of parties at the time a separation agreement is executed." *In re Brody*, 3 F.3d at 38. Changes in the circumstances of the parties after the Final Decree in May 1991, are not relevant to the inquiry of intent.

 While temporary orders are not controlling once the Final Decree is issued, this Court finds the temporary orders in this case relevant to the intent of the parties as to the nature of the periodic payments. *See Coe v. Johnson*, 144 B.R. 209, 213 (Bankr. D.N.H.1992) (adopting analysis set forth by Sixth Circuit in *In re Calhoun*, 715 F.2d 1103 (6th Cir.1983), to determine nature of obligation), *vacated on other grounds, Coe v. Johnson*, Case No. 92–500–B, 1993 WL 724808 (D.N.H. May 10, 1993). The $750.00 periodic payments were characterized as alimony in the temporary order. The Final Decree increased the periodic payments to $1,000.00 per month and described them as a property settlement at the request of the plaintiff. Testimony of the plaintiff is that she requested this change because she could not afford to pay the tax on the payments characterized as alimony, which by itself is evidence that these payments were necessary for her support.[1]

The plaintiff's need for support is further evidenced by the financial condition of the parties at the time of the divorce. The plaintiff continued her employment at Concord Portex at a net monthly income of approximately $1,009.00. Her support affidavit, filed on or about the time of the temporary orders, showed a deficit of approximately $500.00 per month that her expenses exceeded her income. Furthermore, as a result of the Final Decree, virtually all of the income-producing assets, other than the "Daniels House," were transferred to the defendant, including the plaintiff's one-half interest in W.L. Bourassa Disposal, Inc. Despite this disparity in financial condition, the Permanent Stipulations contained no payments to the plaintiff entitled support. "[I]f the agreement fails to provide explicitly for spousal support, the court may presume that the property settlement is intended for support if it appears under the circumstances that the spouse needs support." *Goin v. Rives (In re Goin)*, 808 F.2d 1391, 1392–93 (10th Cir.1987) (per curiam).

Finally, the terms of the periodic payments indicate that they were for the support of the plaintiff. The payments were for a period of

---

**1.** The Court is aware of the doctrine of "quasi estoppel," otherwise called "the duty of consistency," which in certain circumstances might prevent the changing of a position with respect to taxes owed to the Internal Revenue Service. *In re Davidson*, 947 F.2d 1294, 1296 (5th Cir. 1991). This issue has not been raised in this proceeding and the Court takes no position as to its applicability to the instant matter.

ten years and the plaintiff was approximately 57 years old at the time of the Final Decree. At the end of the ten year period, or at some time during the ten year period, if the plaintiff elected to retire, then she would be entitled to social security benefits. More importantly, the defendant's obligations to make the payments ceased on the death of the plaintiff, which the Court believes to be persuasive evidence that the payments were intended to be for her support during her lifetime, contrary to any notion of a property settlement. *Altavilla v. Altavilla (In re Altavilla)*, 40 B.R. 938, 941 (Bankr.D.Mass. 1984).

On the contrary, the $50,000.00 lump sum payment has few, if any, of the indicia of support for the plaintiff. It is a payment to be paid at no definite time in the future and only upon the happening of certain events over which the plaintiff has no control. Its payment is dependent on the sale of certain assets or the death of the defendant. Unlike the periodic payments necessary for the support of the plaintiff, it is a property settlement and, thus, dischargeable.

A separate order will issue.