**In re Joseph SAN GIOVANNI, Debtor.**

**Jean Marie Sangi, Plaintiff,**

**v.**

**Joseph San Giovanni, Defendant.**

**Bankruptcy No. 01–11084–MWV.
Adversary No. 01–1130–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

Feb. 26, 2003.

David P. Azarian, Wensley, Wirth & Azarian, Rochester, NH, for Defendant/Debtor.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the complaint of Jean Marie Sangi ("Plaintiff") against the Debtor Defendant, Joseph San Giovanni ("Defendant"). The Plaintiff seeks that her debts be excepted from discharge pursuant to section 523(a)(5) and (15) of title 11 of the United States Code.[1] The Court took evidence in this adversary proceeding in a one-day trial held on April 17, 2002. At the conclusion of the trial, both sides filed requests for findings and/or memorandum of law, and the Court took the matter under advisement. For the reasons set out below, the Court finds that the Defendant's obligations to the Plaintiff are excepted from discharge pursuant to section 523(a)(5).

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

After approximately fourteen years of marriage, the Plaintiff and the Defendant separated and entered into a separation agreement dated November 3, 1992. (Pl. Ex. 1.) Pursuant to the agreement, the Defendant retained the marital residence

Carl W. Potvin, Law Office of Carl W. Potvin, P.C., Rochester, NH, for Plaintiff.

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Re-form Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

in Fort Lauderdale, Florida, three other properties in Florida, and five mortgages on properties located in Kingston, New York, and West Palm Beach, Florida. (Pl. Ex. 1 at 2.) The Plaintiff, under section 6 of the agreement, entitled "Maintenance and Support," was to receive a home to be bought by the Defendant in the area of Kingston, New York. (Pl.Ex. 1 at 3.) The specific language of section 6 is as follows:

> Husband agrees to buy for the benefit of the Wife and Children a house in the vicinity of Kingston, N.Y. worth at least $80,000 and not more than $100,000. The house shall be chosen by the Wife, after consultation with the Husband. This house will be owned in the Wife's name alone. Purchase shall be completed on or before December 18, 1993, and any mortgage payment thereon shall be Husband's sole responsibility. Husband shall also promptly pay any and all of the following living expenses of the Wife and Children: $600.00 per month until Wife moves into said house; all repairs, maintenance and renovation of the Kingston house up to $5,000.00, installation, maintenance and monitoring of alarm system, heating and utilities up to $240.00 per month, all telephone installation fees plus telephone bills up to $60.00 per month, cable television, all real estate taxes all water and sewer bills, any other municipal or special assessments on the property for two years after closing. Husband shall also pay up to $5,000.00 for furnishings and decoration of the house and grounds.

(Pl.Ex. 1 at 3.) Paragraph 8 of the same agreement provided for child support. (Pl. Ex. 1 at 4–5.)

On February 12, 1993, a property was purchased from Richard Lewis Rydant. (Pl.Ex. 8.) Title was taken in the name of the Plaintiff and the Defendant. As part of the transaction, the seller took back a first mortgage in the original amount of $107,200. On July 24, 1994, the Plaintiff and Defendant deeded the property to the Plaintiff, making her the sole owner of the property subject to the mortgage that the Defendant was obligated to pay.

The parties were divorced on February 22, 1995, and the November 3, 1992 separation agreement was incorporated into the divorce decree. (Pl.Ex. 2.) Despite the Defendant's obligation to pay the mortgage and other obligations on the property pursuant to paragraph 6 of the separation agreement, he failed to do so. On November 15, 1995, the Defendant was found to be in contempt for nonpayment and, in order to purge the contempt, ordered to pay the mortgagee the balance due on the mortgage, $102,902.98 plus interest of $3,430.10 and attorney fees of $2,500. (Def.Ex. 103.) He was also ordered to pay back child support and other expenses related to the property. The Defendant failed to make the required payments and, on December 12, 1995, the Plaintiff executed a deed in lieu of foreclosure to the mortgagee in full satisfaction of her mortgage obligation. (Pl.Ex. 11.) Since that time, she has been living with her parents. On April 23, 2001, the parties stipulated as to the amount and payment method of past due child support, which was incorporated into a court order dated October 10, 2001. (Def.Ex. 104.) On May 13, 1997, the Plaintiff filed a petition for bankruptcy under Chapter 7 in the Bankruptcy Court for the Southern District of New York and was granted a discharge on August 20, 1997. The Defendant filed his Chapter 7 bankruptcy petition in this Court on April 6, 2001.

## DISCUSSION

The Plaintiff now asks the Court to find that the following debts are excepted from

discharge pursuant to section 523(a)(5) and (15) of the Code:

a. $3,335.27 to Wellcare of New York, Inc.;

b. $109,154.58 to Richard Louis Rydant, Plaintiff's mortgagee;

c. $20,000 to Plaintiff representing unpaid child support;

d. $5,688.92 to the City of Kingston, New York, representing real property taxes;

e. $1,225 to Central–Hudson for Utility charges;

f. $130 to New York Telephone;

g. $15 to TCI of New York for cable service;

h. $146 to Plaintiff for homeowners insurance premium;

i. $1,000 to the clerk of court for Ulster County.

(Adv.Doc. 8, ¶ 6.) Section 523(a)(5) provides in relevant part:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record ..., but not to the extent that—

(A) such debt is assigned to another entity ...; or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

11 U.S.C. § 523(a)(5).

The Defendant does not contest the fact that the unpaid child support is excepted from discharge pursuant to section 523(a)(5), and this Court so finds. As to the other obligations, it is clear that this Court, as a matter of federal bankruptcy law, has the authority to determine whether provisions of a divorce decree, despite their characterization in the decree, are actually in the nature of alimony, maintenance or support. *See Werthen v. Werthen (In re Werthen),* 282 B.R. 553, 558 (1st Cir. BAP 2002) ("The § 523(a)(5) inquiry does not stop at the labels applied in the decree; its substance prevails over its form"); *Bourassa v. Bourassa (In re Bourassa),* 168 B.R. 8, 10 (Bankr.D.N.H. 1994). In determining whether the obligation in question is alimony or support, the Court "will look no further than 'the intent of the parties at the time a separation agreement is executed.'" *Bourassa,* 168 B.R. at 10 (*quoting In re Brody,* 3 F.3d 35, 38 (2nd Cir.1993)).

In the instant case, that determination is relatively simple. Section 6 of the separation agreement incorporated into the divorce decree is entitled, "Maintenance and Support" and was clearly intended to provide a means of maintenance and support to the Plaintiff by providing her a house to live in and paying the obligations related to it for a period of two years from the closing. The financial condition of the parties at the time of the divorce and the rest of the separation agreement clearly support this finding. The testimony at trial was, at the time of the separation, that the Defendant had a number of business interests including elderly housing, a hotel and an apartment building. The separation agreement provided that the Defendant would retain the three parcels of real estate as well as the five mortgages, which they held as mortgagee. The Plaintiff, on the other hand, received the obligation to provide her a house, some personal property, and the payment of $25,000 over three years. At the time of the separation agreement, the Plaintiff and

**520**

her two sons were living with her parents in Kingston, New York. She eventually went back to work at the wage of four dollars per hour.

 The Defendant hardly, if at all, contests that these obligations were maintenance and support at the time of the separation and divorce. The main thrust of the Defendant's argument is that the combination of the Plaintiff's discharge in bankruptcy and the contempt order ordering the Defendant to pay the mortgage obligation directly to the mortgagee somehow relieved him from his obligations under the separation agreement incorporated into the divorce order. This Court disagrees.

The contempt order, as a means of purging the Defendant's contempt, ordered that certain payments be made directly to the mortgagee and others. This is separate and distinct from the provisions of the separation agreement. It provided only a means of purging the contempt. It did not, in any way, modify the terms of the separation agreement. The Defendant failed to make the payments to purge the contempt; the Plaintiff lost her house as a result of the failure of the Defendant to provide the support and maintenance required by section 6 of the separation agreement.

### CONCLUSION

The Court finds that these obligations are excepted from discharge pursuant to section 523(a)(5) of the Bankruptcy Code. Having made a finding under section 523(a)(5), it is unnecessary to make a find-

---

**2.** Section 523(a)(15) provides:
(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—
(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of

ing under section 523(a)(15)[2], but for the sake of judicial economy, this Court would find that the Plaintiff has not met her burden under that section and would deny the request for relief under section 523(a)(15).

This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate final judgment consistent with this opinion.

---

record, a determination made in accordance with State or territorial law by a governmental unit unless—
(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.
11 U.S.C. § 523(a)(15).