In re Karl A. PETERSON and Cynthia K. Peterson, Debtors.

Patricia Peterson, Plaintiff,

v.

Karl A. Peterson, Defendant.

Bankruptcy No. 01–13016–MWV.
Adversary No. 01–1224–MWV.

United States Bankruptcy Court,
D. New Hampshire.

April 11, 2003.

Joseph W. MacAllister, Esq., Gawryl & MacAllister, Nashua, NH, for Plaintiff.

Karl A. Peterson, Salem, NH, pro se.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it the complaint of Patricia Peterson ("Plaintiff") seeking a determination that obligations owed to her by the Debtor, her former spouse, Karl A. Peterson ("Debtor"/"Defendant"), are excepted from discharge pursuant to §§ 523(a)(5) and (a)(15) of the United States Bankruptcy Code (the "Code").[1] A trial on the complaint was held on September 16, 2002, at which the Plaintiff was represented by counsel and the Debtor was *pro se.*

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The parties were married on July 18, 1976, and were divorced by order of the Hillsborough County Superior Court on May 1, 1998 (the "Divorce Decree"). The Divorce Decree incorporated a Partial Final Stipulation of the parties (the "Stipulation"), which, *inter alia,* governs the division of the parties' marital debts and assets.

The Plaintiff is an eighth grade math teacher. The Defendant is an instructor at ITT Technical Institute, working approximately twenty hours per week. At the time of their divorce, the Plaintiff and Defendant were earning $38,000 and $44,000, respectively. Since the divorce, the Defendant has been employed in several different positions, but he testified that his salary, on average, has remained in the mid-$40,000 range.

The parties have two daughters, currently ages eighteen and twenty-one. The older daughter is a senior at a private four-year institution in Massachusetts and the younger daughter is a freshman at a public four-year institution in New Hampshire. Regarding the daughters' post-secondary educational expenses, the Stipulation provides as follows:

> After each child has sought assistance for the payment of post-secondary educational expenses through the use of grants, awards, part-time employment and student loans, both parties shall equally contribute toward the amount remaining, for tuition and room and board costs equal to the costs of a four year college degree program at a state college...

*Final Partial Stipulation,* ¶ 6 (Pl.Ex. 2). The Stipulation did not differentiate between the two children regarding the pay-

---

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Re- form Act of 1978, as amended, 11 U.S.C. § 101, *et seq.*

# 230

ment of educational expenses. The Defendant testified that he was represented by counsel during the divorce proceedings and that he understood he was obligated to pay half of his daughters' educational expenses under the Stipulation. The Defendant did pay his older daughter's first year expenses after being ordered to do so by the superior court, but since that time he has not made any additional payments. Further, the superior court found that $3,853.97 for his share of the educational expenses of the older daughter for the 2000–2001 school year was a reasonable amount, stating that the Stipulation "does not require that the child attend a school whose tuition and other costs are equal to those of a state college, but merely obligates the parties to pay no more than a state college would cost." *Order on Motion for Contempt dated 2/15/01,* 3 (Pl.Ex. 4). Additionally, the Defendant has paid his younger daughter's first year college expenses and does not contest that her expenses, which total approximately $3,500.00, should be excepted from discharge.

At the time of the divorce, in order to roughly equalize the parties' assets, the Plaintiff was awarded a 65% interest in the marital home and the Defendant was awarded a 35% interest. *Stipulation* ¶ 18. The Defendant pledged his mortgage interest to secure obligations under the decree. Accordingly, at the time the residence is sold in May 2003, any of the Defendant's obligations to his ex-spouse and children that remain outstanding will be deducted from his interest in the proceeds of the sale. The property is currently valued at $236,000, and the Plaintiff owes $40,000 on the mortgage, indicating that there is substantial equity in the property in the amount of $196,000. Further, the Defendant was awarded Dean Witter custodial accounts worth in excess of $25,000. *Id.* at ¶ 15(c). Under the terms

of the Stipulation, the Defendant may use the Dean Witter accounts to pay his share of the children's college expenses. *Id.* at ¶¶ 6 and 15(c).

The Plaintiff has returned to Hillsborough County Superior Court on several occasions in order to enforce the Defendant's obligations under the Divorce Decree and the Defendant has been held in contempt as a result of his non-payment. *Order on Motions for Attachment and Contempt dated 8/28/2000* (Pl.Ex. 3); *Order–Motion for Contempt dated 2/15/2001* (Pl.Ex. 4); *Order on Pending Motions dated 8/9/2001* (Pl.Ex. 5). As a result of these efforts to enforce the Divorce Decree, the Plaintiff has incurred $1,100.00 in attorney's fees.

The Defendant filed for bankruptcy under Chapter 7 on September 28, 2001, and received a discharge on April 5, 2002. The Plaintiff filed her complaint pursuant to §§ 523(a)(5) and (a)(15) on December 21, 2001, seeking to have the following four debts excepted from discharge: (1) child support, (2) uninsured medical expenses, (3) educational expenses, and (4) attorney's fees. The Debtor does not dispute that he is $3,104.00 in arrears in child support payments and that his child support and uninsured medical expenses payments are excepted from discharge. However, the Defendant does dispute his obligation to pay his oldest daughter's educational expenses and his ex-spouse's attorney's fees.

### *DISCUSSION*

■ Sections 523(a)(5) and (a)(15) govern the determination of the Plaintiff's complaint. Section 523(a) states, in pertinent part, as follows:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt-

. . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity . . .; or

(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance, or support.

. . .

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor . . .; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. §§ 523(a)(5), (a)(15). Whether a debt is in the nature of alimony, maintenance or support rather than a property settlement is a question of federal bankruptcy law. *See, e.g., Werthen v. Werthen (In re Werthen),* 282 B.R. 553, 558 (1st Cir. BAP 2002) ("The § 523(a)(5) inquiry does not stop at the labels applied in the decree; its substance prevails over its form"); *Bourassa v. Bourassa (In re Bourassa),* 168 B.R. 8, 10 (Bankr.D.N.H.1994) (citing *Brody v. Brody (In re Brody),* 3 F.3d 35, 39 (2d Cir.1993)).

## A. Child Support and Uninsured Medical Expenses

The Plaintiff alleges, and the Defendant does not contest, that the Defendant's obligations to pay child support and his daughters' uninsured medical expenses are excepted from discharge pursuant to § 523(a)(5) of the Bankruptcy Code. As the child support and uninsured medical expenses awards were actually in the nature of support, the Court finds the Defendant's support obligation are excepted from discharge under § 523(a)(5).

## B. Educational Expenses and Attorney's Fees

■ Based on the facts of this case, whether the Defendant's obligation to pay a portion of his daughters' post-secondary educational expenses is excepted from discharge is also governed by § 523(a)(5). *See Cowell v. Hale (In re Hale),* 289 B.R. 788, 798 n32 (1st Cir. BAP 2003) (recognizing that most courts addressing the issue whether tuition responsibility agreements between divorced spouses create obligations excepted from discharge under § 523(a)(5) have held that they do, but noting that such decisions are case specific based on the facts and circumstances extant at the obligation's creation). The Defendant agreed and was ordered to pay for half of his daughters' educational expenses. Thus, the agreement provides for shared responsibility regarding payment of this obligation. Both parents hold college degrees and, although the Defendant has argued that the older daughter's attendance at a private college violated the

232

**232**

terms of the Stipulation, he has never questioned the necessity of college training, making it reasonable to conclude that a college education is considered to be an essential element of their daughters' upbringing. Accordingly, the Stipulation was no different in this dischargeability context than was the order that the Defendant make weekly payments for his daughters' support. *See, e.g., Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984); *Warren v. Warren (In re Warren),* 160 B.R. 395, 397 (Bankr.D.Me.1993). Since Defendant's agreement to pay a portion of these expenses was obviously intended for his daughters' support, his liability under the Divorce Decree is also excepted from discharge.

■ Further, the Defendant argues that the Plaintiff's attorney's fees, incurred in connection with efforts to collect alimony, maintenance, and child support obligations, are dischargeable in his bankruptcy. "[A]ttorneys' fees incurred by a former spouse in the course of seeking to enforce support-related payments required by a divorce decree are properly non-dischargeable under 11 U.S.C. § 523(a)(5)." *Macy v. Macy,* 114 F.3d 1, 2–3 (1st Cir.1997). Accordingly, the Court holds that the Debtor's obligation to pay attorney's fees in the amount of $1,100 is excepted from discharge under § 523(a)(5).

■ Further, for the sake of judicial economy, this Court would also find that the attorney's fees and educational expenses would be excepted from discharge under § 523(a)(15) as well. First, there is no issue of the Defendant's ability to pay in the present case. *See* 11 U.S.C. § 523(a)(15)(A). Any outstanding obligations under the Divorce Decree will be deducted from his interest in the proceeds of the sale of the marital home in May 2003. There appears to be significant equity in the property. Further, the Defen-

dant may use the Dean Witter custodial accounts to pay his share of the children's college expenses. *Partial Final Stipulation* ¶¶ 6 and 15(c). Thus, the Court must find that the Defendant has the ability to pay under § 523(a)(15)(A).

■ Second, from the facts of this case, the benefit of the discharge of the obligation to the Debtor does not outweigh the detriment of the discharge to the Plaintiff pursuant to § 523(a)(15)(B). In order to weigh the detriment and benefit of the discharge of an obligation, the Court must look to the financial circumstances of the parties going forward. This Court has previously ruled that the Plaintiff has the burden of proof on the "greater benefit" exception, which was affirmed by the District Court. *Migneault v. Migneault (In re Migneault),* 243 B.R. 585 (D.N.H.1999). *In re Migneault* also affirmed this Court's ability to take into consideration the Defendant's future earning capacity. *Id.* at 590. In the instant case, the Plaintiff has met her burden. Other than the fact that the Defendant would be able to keep the funds if they were not excepted from discharge, there is no evidence that this benefit outweighs the detriment to the Plaintiff. The Plaintiff has had sole custody of the children since the divorce. Additionally, despite his current status of part-time employment, it is clear that the Defendant has a superior earning capacity based on the fact that he has been able to sustain a salary, on average, in the mid-$40,000 range since the divorce.

### Conclusion

Based on the entire record, the Plaintiff's complaint is hereby granted. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure

7052. The Court will issue a separate final judgment consistent with this opinion.